IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN EDWARD BOSKIE, JR., individually, and on behalf of all others similarly situated, | ) ) ) Civil Action No. |
| Plaintiff, | ) ) ) |
| v. | ) COMPLAINT – CLASS ACTION ) ) |
| DREXEL UNIVERSITY d/b/a DREXEL MEDICINE, | ) ) ) |
| Defendant. | ) ) |

Plaintiff John Edward Boskie, Jr. ("Plaintiff"), on behalf of himself and all other similarly situated individuals alleges the following claims against Defendant Drexel University d/b/a Drexel Medicine ("Drexel"):

**PRELIMINARY STATEMENT**

1. This class action seeks remedies against Drexel on behalf of patients for its failure to secure and safeguard their personal information including patient names, treating physician name, medical record numbers, clinical information, health insurance information, Social Security numbers (collectively "Patient Data").

**THE PARTIES**

2. Plaintiff is an adult individual residing in Philadelphia, Pennsylvania.

3. Defendant Drexel is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.

## JURISDICTION & VENUE

4. This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. 1332(d). The aggregated claims of the individual class members exceed $5,000,000, exclusive of costs and interest, there are over 100 class members, and this is a class action in which one plaintiff is from a different state from the Defendant.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Pennsylvania, and Defendant maintains a place of business in this District.

## FACTUAL ALLEGATIONS

6. On or about June 10, 2019, Drexel discovered that a data breach occurred between June 8, 2019 and June 10, 2019 when an employee's email account was compromised by unauthorized parties ("Data Breach").

7. Drexel, through its failure to maintain adequate date and safety protocols, allowed these unauthorized parties to access patient personal identifying information, health records, and health insurance information.

8. As a consequence of Drexel's failure to keep Plaintiff and Class members' data safe, hackers are already likely using the Patient Data they have stolen from Drexel to attempt to commit fraud and identity theft.

9. As a result of Drexel's failures, Plaintiff and Class members now face years of concern, frustration and emotional distress about their medical and personal records being stolen.

10. The Data Breach was a direct and proximate cause of Drexel's failure to properly safeguard and protect the Plaintiff and Class members' Patient Data from unauthorized access, use, and disclosure, as required by state and federal regulations, industry standard, and the common

law, including Drexel's failure to establish and implement appropriate administrative, technical, and physical safeguards to ensure the security and confidentiality of Plaintiff and Class members' information to protect against reasonably foreseeable threats to the security or integrity of such information.

11. Specifically, Drexel breached its duties, obligations and promises to Plaintiff and Class members by failing to: (1) adequately protect patient data, (2) adequately monitoring data security systems for existing breaches or phishing attempts, (3) adequately training employees to detect and defend against phishing attempts, and (4) adequately testing processing systems using tests from third-party vendors.

12. Drexel's breaches and unlawful conduct directly and proximately caused the theft and dissemination of Plaintiff and Class members' Patient Data, causing them to suffer, and will continue to suffer, economic damages and other actual harm for which they are entitled to compensation, including:

   a. Theft of their personal and medical information;
   b. Impending injury from potential fraud and identity theft as a result of their personal identifying information being in the hands of hackers, as well as misuse of that data via the stealth sale of Plaintiff and Class members' information on the internet;
   c. The loss of privacy; and,
   d. Time and productivity lost as a result of needing to address, attempt to ameliorate, mitigate and deal with the actual and future consequences of the Data Breach, including the stress, nuisance, and annoyance of dealing with all such issues resulting from the Data Breach.

13. Although the Patient Data of Plaintiff and the members of the Class has been stolen, Drexel continues to operate meaning it continues to store and acquire thousands of patients' information after showing a complete inability to prevent a breach from occurring or to identify that a breach has occurred.  Plaintiff and Class Members have an interest in insuring that their data is secure, remains secure, and is promptly destroyed prior to being subject to future theft.

## CLASS ACTION ALLEGATIONS

14. Pursuant to FED. R. CIV. P. 23, Plaintiff brings this action on behalf of the Class initially defined below:

> All natural persons residing in the United States, whose Patient Data was compromised as a result of the Data Breach occurring on June 8, 2019 to June 10, 2019.

15. Excluded from the class are Drexel and any entities in which Drexel has a controlling interest, Drexel's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

16. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

17. **Numerosity.**  Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the Putative Class are so numerous that the individual joinder of all of its members is impracticable.  Upon information and belief, Drexel has provided health services to hundreds or thousands of patients each year, and those persons' names and addresses are identifiable through documents maintained by Drexel. While the exact number and identities of the members of the Putative Class are unknown to Plaintiff at this time, this information can be ascertained through appropriate discovery.

18. **Commonality.**  Common questions of law and fact exist as to all members of the

Putative Class and predominate over any questions solely affecting individual members of the Putative Class, including but not limited to:

a. Whether Drexel had a duty to reasonably secure Patient Data, and whether it breached that duty;

b. Which security procedures and which data breach notification procedures should Drexel be required to implement as part of any injunctive relief ordered by this Court;

c. Whether Drexel has an implied contractual obligation to use reasonable security measures;

d. Whether Drexel has complied with any implied contractual obligation to use reasonable security measures;

e. What security measures must be implemented by Drexel to comply with its implied contractual obligations; and,

f. What the nature of the relief should be, including equitable relief, to which the Plaintiff and Class members are entitled.

All members of the proposed Class are readily ascertainable. Drexel has access to the addresses and contact information for the (potentially) thousands of members of the Class, which can be used for providing notice to many Class members.

19.     **Typicality.**  Plaintiff's claims are typical of those other Class members, because Plaintiff's Patient Data, like that of the other Class members, was inadequately safeguarded through Drexel's uniform misconduct.

20.     **Adequacy.**  Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has retained competent and experienced counsel in such

litigation, and he intends to prosecute this action vigorously.  Plaintiff and his counsel will fairly and adequately protect the interests of members of the Class.

21. **Predominance & Superiority.** Pursuant to Fed. R. Civ. P. 23(b)(3), a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Drexel's conduct. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by the Drexel's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proofs in a unified proceeding.

## COUNT I
## BREACH OF IMPLIED CONTRACT

22. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

23. Drexel offered Plaintiff and the Class members health services. Plaintiff and the Class members accepted Drexel's offer by virtue of seeking medical treatment at its facilities.

24. When Plaintiff and Class members used Drexel's health services, they provided their Patient Data in order to receive medical treatment. In so doing, Plaintiff and the Class members entered into implied contracts with Drexel pursuant to which Drexel agreed to safeguard and protect such information.

25. Each use of Drexel's health services was made pursuant to the mutually agreed-upon implied contract with Drexel under which Drexel agreed to safeguard and protect the Plaintiff and Class members' Patient Data.

26. Plaintiff and the Class members would not have provided or entrusted their Patient Data to Drexel in the absence of the implied contract between them and Drexel.

27. Plaintiff and Class members fully performed their obligations under the implied contracts with Drexel.

28. As a direct and proximate result of Drexel's breaches of the implied contracts between Drexel and Plaintiff and the Class members, Plaintiff and Class members sustained actual losses and damages as described in detail above.

## COUNT II
## NEGLIGENCE

29. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

30. Upon accepting and storing Plaintiff and Class members' Patient Data in its computer network, Drexel undertook and owed a duty to Plaintiff and Class members to exercise reasonable care to secure and safeguard that information and to utilized commercially reasonable methods to do so.

31. Drexel breached its duty to the Plaintiff and the Class members to adequately protect and safeguard this information by disregarding standard information security principles, despite obvious risks, and by allowing the unmonitored and unrestricted access to unsecured Patient Data.

32. Drexel also failed to provide adequate supervision and oversight of Patient Data with which it is entrusted, in spite of the known risk and foreseeable likelihood of breach and

misuse, which permitted a third party to gather Plaintiff and other Class members' Patient Data, misuse the Patient Data, and intentionally disclose it to others without consent.

33. Through Drexel's conduct described in this Complaint, including Drexel's failure to provide adequate security and its failure to protect Plaintiff and Class members' Patient Data from being foreseeably captured, accessed, disseminated, stolen and misused, Drexel unlawfully breached its duty to use reasonable care to adequately protect and secure Plaintiff and Class members' Patient Data during the time it was within Drexel's possession and control.

34. Upon information and belief, Drexel improperly and inadequately safeguarded the Patient Data of Plaintiff and the Class members in deviation from standard industry rules, regulations, and practices at the time of the Data Breach.

35. Drexel's failure to take proper security measures to protect Plaintiff and Class members' sensitive Patient Data as described in this Complaint, created conditions conducive to a foreseeable, intentional criminal act, namely the unauthorized access of Plaintiff and Class members' Patient Data.

36. Drexel's conduct was clearly negligent and departed from all reasonable standards of care, including, but not limited to: failing to adequately protect the Patient Data; failing to conduct regular and/or effective security audits for malware; and failing to provide adequate and appropriate supervision of persons having access to Plaintiff and Class members' Patient Data.

37. Neither the Plaintiff nor the other Class members contributed to the Data Breach and subsequent misuse of their Patient Data as described in this Complaint.

38. As a direct and proximate cause of Drexel's conduct, Plaintiff and Class members suffered damages as alleged above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Putative Class, prays for relief as follows:

- A. An order certifying the proposed class as to Counts I and II herein pursuant to Fed. R. Civ. P. 23 and appointing the undersigned as class counsel;

- B. Judgment against Drexel for actual and compensatory damages in an amount to be determined;

- C. Expenses and costs as allowed by law; and

- D. Such other relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully Submitted,

**GORSKI LAW, PLLC**

BY: */s/ Gregory Gorski*
GREGORY GORSKI, ESQUIRE
1635 Market Street, Suite 1600
Philadelphia, PA 19103
(215) 330-2100

Attorneys for Plaintiff

Dated:   February 8, 2021